UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

KENNARD D. WELLINGTON,

                          Plaintiff,

v.                                                    3:19-CV-0615
                                                      (GTS/ML)
PATROLMAN FOLAND; AARON SMITH;
BRIAN BAILEY; MICHAEL HELPER;
BRIAN J. SHAVER; NICHOLAS CRANDELL;
BRENT DODGE; PATROLMAN PEETS;
PATROLMAN GAVIN; PTL JOSHUA BILEK;
DAVID WILLIAMS; GREGORY P. THOMAS;
EDDY DOUGLAS; and DOMINIC H. PEERS,

                          Defendants.
_____

APPEARANCES:                                          OF COUNSEL:

KENNARD D. WELLINGTON
  *Pro Se*
3104 Buckingham Road
Endwell, New York 13760

MORRIS DUFFY ALONSO & FALEY                           LILY A. OCKERT, ESQ.
  Counsel for the Defendants
2 Rector Street, 22nd Floor
New York, New York 10006

MIROSLAV LOVRIC, United States Magistrate Judge

## **ORDER and REPORT-RECOMMENDATION**

        The Clerk has sent this *pro se* complaint together with an application to proceed *in forma*

*pauperis* filed by Kennard D. Wellington ("Plaintiff") to the Court for review.  (Dkt. Nos. 1 and

2.)  For the reasons discussed below, I grant Plaintiff's *in forma pauperis* application (Dkt. No.

2), recommend that certain of his claims be accepted for filing, that certain of his claims be

dismissed with leave to amend, that certain of his claims be dismissed without leave to amend, and that the action be consolidated with another suit that is currently pending before this Court.

## I. BACKGROUND

On or about March 26, 2019, Plaintiff commenced an action before the Supreme Court of New York, County of Broome, in which he alleged that his civil rights were violated in connection with two traffic stops and subsequent arrests that occurred on October 25, 2018, and November 11, 2018. *See generally Wellington v. Foland et al.*, 19-CV-0457 (GTS/ML) (N.D.N.Y. removed 04/18/2019) ("*Wellington I*"). *Wellington I* was removed by the defendants in that case to this Court on April 18, 2019. (*See id.*) A motion for judgment on pleadings with regard to Defendant Gregory Thomas is currently pending in that action. (*See id.*, Dkt. Nos. 7, 9, 11.)

On or about May 23, 2019, Plaintiff commenced the present action ("*Wellington II*") by the filing of a Complaint, which was accompanied by a motion to proceed without prepayment of fees. (Dkt. Nos. 1, 2.)

## II. ALLEGATIONS OF THE COMPLAINT

Although most of his Complaint is rambling, far from clear, and contains virtually no factual detail, construed liberally, the gravamen of Plaintiff's Complaint is that he is a "freeborn sovereign individual" and his constitutional rights were violated by Johnson City police officers Patrolman Foland, Aaron Smith, Brian Bailey, Michael Helper, Brian Shaver, Nicholas Crandell, Brent Dodge, Patrolman Peets, Patrolman Gavin, Joshua Bilek, David Williams, Eddy Douglas, and Dominic H. Peers; and Johnson City Village Judge Gregory Thomas (collectively "Defendants"). (*See generally* Dkt. No. 1.) However, Plaintiff's Complaint fails to disclose the role played by each of the named defendants and the circumstances giving rise to his claims.

Plaintiff's Complaint is six pages long and includes an additional 106 pages of exhibits, none of which have been identified or referenced in his Complaint. (*Id.*)

Although it is far from evident, based on a review of Plaintiff's Complaint and attached documents, it appears that his claims center around two traffic stops that resulted in his arrests on October 25, 2018, and November 11, 2018. (*Id.*) Plaintiff alleges that he was arrested on October 25, 2018, and as a result of this arrest his vehicle was towed, he posted bail in the amount of $41.00, and was "forced to pay U-Save [towing] $399.60 . . . to get my property" back. (*Id.* at 3.) In addition, Plaintiff alleges that he was arrested on November 11, 2018, when he was "traveling in [his] personal vehicle on state of New York public highway." (*Id.*) Plaintiff alleges that during the course of this arrest officers deployed a taser four times and pepper sprayed him. (*Id.*) Plaintiff alleges that as a result of this arrest he was released on his own recognizance. (*Id.*)

Plaintiff appears to assert the following six claims: (1) that he was deprived of his "right-to-travel" in violation of the Fifth Amendment and 42 U.S.C. § 1983 ("First Claim"); (2) that Defendants used excessive force in affecting his arrests in violation of the Fourth Amendment and 42 U.S.C. § 1983 ("Second Claim"); (3) that Defendants failed to intervene during the use of excessive force in violation of the Fourth Amendment and 42 U.S.C. § 1983 ("Third Claim"); (4) that Defendants discriminated against him ("Fourth Claim"); (5) that Defendants conducted an illegal search and seizure in violation of the Fourth Amendment and 42 U.S.C. § 1983 ("Fifth Claim"); and (6) that Defendants set excessive bail in violation of the Eighth Amendment and 42 U.S.C. § 1983 ("Sixth Claim"). (*Id.* at 2.) As relief, Defendant seeks twenty million dollars ($20,000,000.00). (*Id.* at 4-5.)

In an "exhibit" to his Complaint, Plaintiff attached another complaint with a caption in the Supreme Court of the State of New York, County of Queens ("Exhibit Complaint") with allegations relating to the same events giving rise to this action. (Dkt. No. 1, Attach. 1, at 3-25.)[1] The Exhibit Complaint is also rambling and far from clear, but construed liberally, it alleges that on November 14, 2018, while released on bail at a court appearance, Plaintiff was "remanded" in lieu of $5,000.00 cash or $10,000.00 bond because he "straddled the bar and the judge and the court took [his] stance as aggressive" and he was "ordered to take a 730 [competency] exam." (*Id.* at 9-10.) In addition, the Exhibit Complaint alleges that "[o]n the 14th of November Plaintiff asked for counsel of his own choice, as is his right as set forth in the 6th Amendment of our U.S. Constitution[;] not only did Gregory P. Thomas order me incompetent counsel[,] he hadn't yet received his bar card." (*Id.* at 13.) The Exhibit Complaint appears to assert the following six additional causes of action: (1) Plaintiff was subjected to cruel and unusual punishment in violation of the Eighth Amendment and 42 U.S.C. § 1983 ("Seventh Claim") by requiring him to take a competency exam; (2) he was deprived of his right to counsel of his choosing in violation of the Sixth Amendment and 42 U.S.C. § 1983 ("Eighth Claim"); (3) his due process rights were violated because he was not read *Miranda* warnings after any of his arrests in violation of the Fifth and Fourteenth Amendments and 42 U.S.C. § 1983 ("Ninth Claim"); (4) his right to freedom of association was violated because he was appointed counsel not of his choosing in

---

[1]     The Court notes that the Exhibit Complaint is the same or substantially the same as an exhibit complaint that was attached to the complaint in *Wellington I*. (*Compare* Dkt. No. 1, Attach. 1, at 3-25, *with Wellington I*, Dkt. No. 1, Attach. 1, at 5-27.)

The Court also notes that the Exhibit Complaint lists Judge Thomas Dellapenna and Johnson City police officer Christopher Ketchum as defendants. (Dkt. No. 1, Attach. 1, at 3, 6.) However, neither Thomas Dellapenna nor Christopher Ketchum are listed as Defendants in the caption or mentioned in Plaintiff's Complaint. (*Compare* Dkt. No. 1, *with* Dkt. No. 1, Attach. 1, at 3, 6.)

violation of the First Amendment and 42 U.S.C. § 1983 ("Tenth Claim"); (5) his right to counsel

of his choice was "encroach[ed] in violation of the Ninth and Tenth Amendments and 42 U.S.C.

§ 1983 ("Eleventh Claim"); and (6) conspiracy to violate his rights pursuant to 42 U.S.C. § 1985

("Twelfth Claim").  (*Id.* at 3-25.)[2]  The Exhibit Complaint also contains a "Fee Schedule

Contract" that purports to be a "legally binding contract" and alleges that "failure to sign this

contract does not void this contract."  (*Id.* at 22-24.)

> For a more complete statement of Plaintiff's claims, refer to the Complaint.  (Dkt. No. 1.)

## III.    PLAINTIFF'S APPLICATION TO PROCEED *IN FORMA PAUPERIS*

> When a civil action is commenced in a federal district court, the statutory filing fee,

currently set at $400, must ordinarily be paid.  28 U.S.C. § 1914(a).  A court is authorized,

however, to permit a litigant to proceed *in forma pauperis* status if a party "is unable to pay" the

standard fee for commencing an action.  28 U.S.C. § 1915(a)(1).[3]  After reviewing Plaintiff's *in*

*forma pauperis* application (Dkt. No. 2), the Court finds that Plaintiff meets this standard.

Therefore, Plaintiff's application to proceed *in forma pauperis* is granted.[4]

---

[2]      The Court notes that the Exhibit Complaint only seeks $50,000.00 for "general damages"
and $100,000.00 for punitive damages (as opposed to the $20,000,000.00 sought in the
Complaint).  (*Compare* Dkt. No. 1, at 4-5, *with* Dkt. No. 1, Attach. 1, at 20.)

[3]      The language of that section is ambiguous because it suggests an intent to limit
availability of IFP status to prison inmates.  *See* 28 U.S.C. § 1915(a)(1) (authorizing the
commencement of an action without prepayment of fees "by a person who submits an affidavit
that includes a statement of all assets such prisoner possesses").  The courts have construed that
section, however, as making IFP status available to any litigant who can meet the governing
financial criteria.  *Hayes v. United States*, 71 Fed. Cl. 366, 367 (Fed. Cl. 2006); *Fridman v. City
of N.Y.*, 195 F. Supp. 2d 534, 536 n.1 (S.D.N.Y. 2002).

[4]      Plaintiff is reminded that, although the application to proceed *in forma pauperis* has been
granted, he will still be required to pay fees that he may incur in this action, including copying
and/or witness fees.

## IV.  LEGAL STANDARD FOR INITIAL REVIEW OF COMPLAINT

"Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2).

In order to state a claim upon which relief can be granted, a complaint must contain, *inter alia*, "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  The requirement that a plaintiff "show" that he or she is entitled to relief means that a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is *plausible* on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (emphasis added) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 [2007]).  "Determining whether a complaint states a plausible claim for relief . . . requires the . . . court to draw on its judicial experience and common sense. . . . [W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not shown–that the pleader is entitled to relief."  *Iqbal*, 556 U.S. at 679 (internal citation and punctuation omitted).

"In reviewing a complaint . . . the court must accept the material facts alleged in the complaint as true and construe all reasonable inferences in the plaintiff's favor."  *Hernandez v. Coughlin*, 18 F.3d 133, 136 (2d Cir. 1994) (citation omitted).  However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Iqbal*, 556 U.S. at 678.

Courts are "obligated to construe a pro se complaint liberally." *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009); *see also Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990) (per curiam) (reading the plaintiff's *pro se* complaint "broadly, as we must" and holding that the complaint sufficiently raised a cognizable claim). "[E]xtreme caution should be exercised in ordering sua sponte dismissal of a pro se complaint before the adverse party has been served and [the] parties . . . have had an opportunity to respond." *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983).

The Court, however, also has an overarching obligation to determine that a claim is not legally frivolous before permitting a *pro se* plaintiff's complaint to proceed. *See, e.g., Fitzgerald v. First East Seventh St. Tenants Corp.*, 221 F.3d 362, 363 (2d Cir. 2000) (holding that a district court may *sua sponte* dismiss a frivolous complaint, notwithstanding the fact that the plaintiff paid the statutory filing fee). "Legal frivolity . . . occurs where 'the claim is based on an indisputably meritless legal theory [such as] when either the claim lacks an arguable basis in law, or a dispositive defense clearly exists on the face of the complaint." *Aguilar v. United States*, 99-MC-0304, 99-MC-0408, 1999 WL 1067841, at *2 (D. Conn. Nov. 8, 1999) (quoting *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 [2d Cir. 1998]); *see also Neitzke v. Williams*, 490 U.S. 319, 325 (1989) ("[D]ismissal is proper only if the legal theory . . . or factual contentions lack an arguable basis."); *Pino v. Ryan*, 49 F.3d 51, 53 (2d Cir. 1995) ("[T]he decision that a complaint is based on an indisputably meritless legal theory for purposes of dismissal under section 1915(d), may be based upon a defense that appears on the face of the complaint.").

## V.    ANALYSIS

In addressing the sufficiency of a plaintiff's complaint, the court must construe his pleadings liberally. *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008).

Having reviewed Plaintiff's Complaint with this principle in mind, I recommend that all causes of action be dismissed against Defendants Brian Bailey, Brent Dodge, Dominic Peers, and Gregory Thomas.[5]  In addition, I recommend that Plaintiff's First, Fourth, Sixth, Seventh, Eighth, Ninth, Tenth, Eleventh, and Twelfth Claims be dismissed against all Defendants. Moreover, I conclude that the allegations in the Second, Third, and Fifth Claims originate from the same events described in *Wellington I*, and thus recommend that they be consolidated with *Wellington I*.

### A.    Claims Against Defendant Gregory P. Thomas

In this case, Plaintiff's Complaint asserts causes of action against Gregory P. Thomas for actions he allegedly took in his position as judge of the Johnson City Village Municipal Court.

It is well settled that "officials acting in a judicial capacity are entitled to absolute immunity against § 1983 actions, and this immunity acts as a complete shield to claims for money damages."  *Montero v. Travis*, 171 F.3d 757, 760 (2d Cir. 1999); *see also Mireles v. Waco*, 502 U.S. 9, 9-10 (1991) (citations omitted) ("A long line of this Court's precedents acknowledges that, generally, a judge is immune from a suit for money damages.  Although unfairness and injustice to a litigant may result on occasion, 'it is a general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences to himself.'"); *Mahapatra v. Comstock*, 97-CV-7129, 1998 WL 88054, at *1 (2d Cir. Feb. 26, 1998) ("[T]he district court properly dismissed the claims for damages based on absolute immunity.  Judges are shielded from liability for civil damages for judicial acts

---

[5]    To the extent Plaintiff's Complaint is read as asserting allegations against Thomas Dellapenna and Christopher Ketchum, I recommend that those causes of action should also be dismissed.  *See, supra*, note 1.

performed in their judicial capacities."). This immunity applies to state court judges who are sued in federal court pursuant to 42 U.S.C. § 1983. *Pizzolato v. Baer*, 551 F. Supp. 355, 356 (S.D.N.Y. 1982), *aff'd sub nom. Pizzolato v. City of New York*, 742 F.2d 1430 (2d Cir. 1983).

"A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction." *Stump v. Sparkman*, 435 U.S. 349, 357 (1978).

Plaintiff's allegations regarding Defendant Gregory Thomas relate to actions Defendant Thomas took as Judge of the Johnson City Village Court presiding over Plaintiff's criminal proceedings that occurred in Johnson City. (*See generally* Dkt. No. 1.) As a result, I recommend that the claims against Defendant Gregory Thomas be dismissed in their entirety.[6]

## B. Claims Against Defendants Brian Bailey, Brent Dodge, and Dominic Peers

"Personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under [section] 1983." *Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994) (citing *Moffitt v. Town of Brookfield*, 950 F.2d 880, 885 [2d Cir. 1991]; *McKinnon v. Patterson*, 568 F.2d 930, 934 [2d Cir. 1977]). As the Supreme Court has noted, a defendant may only be held accountable for his actions pursuant to 42 U.S.C. § 1983. *See Ashcroft v. Iqbal*, 556 U.S. 622, 683 (2009) ("[P]etitioners cannot be held liable unless they themselves acted on account of a constitutionally protected characteristic."). In order to prevail on a section 1983 cause of action against an individual, a plaintiff must show "a tangible connection between the acts of a defendant and the injuries suffered." *Bass v. Jackson*, 790 F.2d 260, 263 (2d Cir.

---

[6]     For the same reasons, to the extent Plaintiff's Complaint is read as asserting any causes of action against Thomas Dellapenna for actions he took in his capacity as a judge, I recommend that those causes of action be dismissed. *See, supra*, notes 1 and 5.

1986). "To be sufficient before the law, a complaint must state precisely who did what and how such behavior is actionable under law." *Hendrickson v. U.S. Attorney Gen.*, 91-CV-8135, 1994 WL 23069, at *3 (S.D.N.Y. Jan. 24, 1994).

The Complaint and Exhibit Complaint do not refer to any actions taken by Defendants Bailey, Dodge, or Peers. (*See generally* Dkt. No. 1; Dkt. No. 1, Attach. 1.) The only reference to Defendant Bailey that I could locate in the Complaint and its attachments was that he reviewed the report prepared by Sergeant David Crandell regarding the incident on November 11, 2018. (Dkt. No. 1, Attach. 1, at 59-61.) In addition, the only reference to Defendant Brent Dodge that I could locate in the Complaint and its attachments was that he is the chief of police for the Johnson City Police Department. (Dkt. No. 1, Attach. 1, at 6.)[7] I could not locate any reference to Defendant Dominic Peers–other than the caption–in the Complaint and its attachments. (*See generally* Dkt. No. 1.)[8]

As a result, I recommend that the claims against Defendants Bailey, Dodge, and Peers be dismissed in their entirety.[9]

---

[7]     "Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*. . . . [A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009).

[8]     The only reference to Christopher Ketchum (to the extent Plaintiff's Complaint is read as including him as a defendant) that I could locate in the Complaint and its attachments was that he reviewed the report prepared by Brian Shaver regarding the incident on October 25, 2018. (Dkt. No. 1, Attach. 1, at 44, 56-58, 65.) *See, supra*, note 1.

[9]     For the same reasons, to the extent Plaintiff's Complaint is read as asserting any causes of action against Christopher Ketchum, I recommend that those causes of action be dismissed. *See, supra*, notes 1 and 8.

### C.    Plaintiff's First Claim (Right to Travel)

"The Constitution protects a fundamental right to travel within the United States, which we have also called 'the right to free movement.'" *Selevan v. New York Thruway Auth.*, 584 F.3d 82, 99 (2d Cir. 2009) (citing *Williams v. Town of Greenburgh*, 535 F.3d 71, 75 [2d Cir. 2008]; *cf. Saenz v. Roe*, 526 U.S. 489, 500 [1999] [noting that "[t]he 'right to travel' . . . embraces . . . three different components," including "the right of a citizen of one State to enter and leave another State, the right to be treated as a welcome visitor rather than an unfriendly alien when temporarily present in the second State, and, for travelers who elect to become permanent residents, the right to be treated like other citizens of that State."]).

The allegations in the Complaint and its attachments do not allege any component of interstate travel.  Instead, Plaintiff's allegations regarding his right to travel relate to the traffic stops and subsequent arrests, which is akin to his illegal search and seizure claim.  As a result, I recommend that Plaintiff's First Claim be dismissed for failure to state a claim.  *See also Buchholz-Kaestner v. Fitzgerald*, 16-CV-0604, 2017 WL 2345589, at *6-7 (N.D.N.Y. May 30, 2017) (Suddaby, C.J.) (dismissing in its entirety the plaintiff's complaint including his "right to travel" claim where the complaint alleged that the police department "harasses me when I drive in my private vessel non-commercial. Private use only. Rightful use of American easement.").

### D.    Plaintiff's Fourth Claim (Discrimination)

Plaintiff alleges that he was discriminated against but the Complaint lacks any allegations of class-based discrimination underlying Defendants' actions.  (*See generally* Dkt. No. 1.) However, "'individuals who allege no specific class membership but are nonetheless subject to invidious discrimination at the hands of government officials' may bring a 'class of one' equal

protection claim." *Gauthier v. Kirkpatrick*, 13-CV-0187, 2013 WL 6407716, at *9 (D. Vt. Dec. 9, 2013) (citing *Harlen Assocs. v. Inc. Vill. of Mineola*, 273 F.3d 494, 499 [2d Cir. 2001]).

Here, Plaintiff alleges that Defendants failed to apply the law correctly and violated his fundamental rights, but that is different from a claim that they failed to apply the law equally on the basis of some classification. *Gauthier*, 2013 WL 6407716, at *9.[10] Even construed liberally, the Complaint does not allege or suggest that any "discriminatory intent" was a motivating factor in Defendants' actions. *Id*. (citing *Okin v. Vill. of Cornwall-on-Hudson Police Dep't*, 577 F.3d 415, 438 [2d Cir. 2009]).

As a result, I recommend that Plaintiff's Fourth Claim be dismissed for failure to state a claim.

E.     **Plaintiff's Sixth Claim (Excessive Bail)**

"It is . . . well established that officials acting in a judicial capacity are entitled to absolute immunity against § 1983 actions, and this immunity acts as a complete shield to claims for money damages." *Montero v. Travis,* 171 F.3d 757, 760 (2d Cir.1999) (extending absolute immunity to parole board officials performing a quasi-judicial function in making parole decisions); *see also Butz v. Economou,* 438 U.S. 478, 511 (1978) (granting absolute immunity to administrative hearing examiners performing adjudicatory functions within federal agencies). As the Supreme Court has explained, it is "the nature of the function performed, not the identity of the actor who performed it, that inform[s] our immunity analysis." *Forrester v. White,* 484

---

[10]     Plaintiff alleges that "Defendants named above relying on their own discretion and erroneous interpretation of the Supreme Law of the Land, which is the constitution and not any statute in conflict there with [sic] issued or composed to be issued order (sic) for Plaintiff conspire (sic) with Defendants to subvert the constitution by excepting title of nobility and to make something other than gold and silver coin tender for payment of debt."  (Dkt. No. 1, Attach. 1, at 17.)

U.S. 219, 229 (1988) (holding that judges do not enjoy absolute immunity when performing administrative, legislative, or executive functions).  Following this "functional approach to immunity questions," the Second Circuit observed that "[o]rdinarily, it is judges who set bail, and judges enjoy absolute immunity when they do so." *Root v. Liston*, 444 F.3d 127, 132 (2d Cir. 2006) (internal citations omitted).  "In short, because the setting of bail is a judicial function, *see Cleavinger v. Saxner,* 474 U.S. 193, 205, 106 (1985), absolute immunity extends to police officers when they perform that function pursuant to statute."  *Walczyk v. Rio*, 496 F.3d 139, 165 (2d Cir. 2007).

As a result, regardless of which Defendant or Defendants Plaintiff alleges set excessive bail, I recommend that this claim be dismissed because the setting of bail is a judicial function that is entitled to absolute immunity.  (*See generally* Dkt. No. 1.)

### F.    Plaintiff's Seventh Claim (Cruel and Unusual Punishment)

"Under New York law, when a court believes that a [criminal] defendant may be incapacitated, it 'must issue an order of examination' to determine whether the [criminal] defendant is competent to stand trial." *Murray v. Guzman*, 19-CV-1959, 2019 WL 1745744, at *4, n.4 (S.D.N.Y. Apr. 17, 2019) (citing N.Y. Crim. Proc. L. § 730.30[1]).

The ordering of a competency examination pursuant to N.Y. Crim. Proc. L. § 730.30 is a judicial function.  *Murray*, 2019 WL 1745744, at *4.  (holding that "quasi-judicial immunity" applies to any individual who conducts activities that are inexorably connected with the execution of court procedures that are analogous to judicial action).  As a result, I recommend that this claim be dismissed because any Defendant involved in the ordering of Plaintiff's competency exam is entitled to absolute immunity.

**G.     Plaintiff's Eighth, Tenth, and Eleventh Claims (Right to Counsel of His Choosing)**

The Sixth Amendment to the Constitution provides that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the assistance of counsel for his defense."  U.S. Const. amend VI.  The Supreme Court has observed that, "while the right to select and be represented by one's preferred attorney is comprehended by the Sixth Amendment, the essential aim of the Amendment is to guarantee an effective advocate for each criminal defendant rather than to ensure that a defendant will inexorably be represented by the lawyer whom he prefers." *Wheat v. United States,* 486 U.S. 153, 159 (1988).  "While a defendant has a right to counsel of his choice under the Sixth Amendment, it is not an absolute right." *United States v. Paone,* 782 F.2d 386, 392 (2d Cir. 1986).  In particular, "the right to counsel of choice does not extend to defendants who require counsel to be appointed for them." *United States v. Gonzalez-Lopez,* 548 U.S. 140, 151 (2006). "[I]ndigent defendants do not have a veto over who is appointed to defend them, provided that appointed counsel's representation is adequate." *Felder v. Goord,* 564 F.Supp.2d 201, 220 (S.D.N.Y. 2008) (*citing Caplin & Drysdale v. United States,* 491 U.S. 617, 624 [1989]; *see also United States v. Schmidt,* 105 F.3d 82, 89 [2d Cir.1997] ["Because the right to counsel of one's choice is not absolute, a trial court may require a defendant to proceed to trial with counsel not of defendant's choosing; although it may not compel defendant to proceed with incompetent counsel."]).[11]

---

[11]     While the right to counsel "includes the right of an indigent defendant to have counsel appointed for his benefit free of charge to him, it never has been held that this right to counsel also comprehends a right of an indigent defendant to have counsel of his choice appointed for him.  Rather, it is the duty of the court to appoint counsel for the indigent defendant, and unless there is good cause shown why the appointment of a particular attorney should not have been made, the defendant must accept the attorney selected by the court unless he waives the right to

Plaintiff's Eighth, Tenth, and Eleventh Claims all appear to be iterations of the same grievance, that he was appointed counsel and that counsel was not of his choosing. (*See generally* Dkt. No. 1.) As a result, I recommend that Plaintiff's Eighth, Tenth, and Eleventh Claims be dismissed for failure to state a claim.[12]

## H.  Plaintiff's Ninth Claim (Due Process)

Plaintiff alleges that his due process rights were violated because he was "never Mirandized on any of the arrest[s]." (Dkt. No. 1, Attach. 1, at 12.)

"A *Miranda* violation that amounts to actual coercion based on outrageous government misconduct is a deprivation of a constitutional right that can be the basis for a § 1983 suit, even when a confession is not used against the declarant in any fashion." *Deshawn E. v. Safir*, 156 F.3d 340, 348 (2d Cir. 1998) (internal citations omitted).

Plaintiff's Complaint does not allege any facts that would suggest police coercion led to inculpatory statements. (*See generally* Dkt. No. 1.) *See Gardner v. McArdle*, 461 F. App'x 64, 66 (2d Cir. 2012) (permitting the plaintiff leave to amend his complaint where the complaint alleged "that while he was in custody for approximately fourteen hours, he was (1) placed in a line-up; (2) forced to make written and videotaped statements; and (3) told that he could not

_____

be represented by counsel." *Davis v. Stevens*, 326 F. Supp. 1182, 1183 (S.D.N.Y. 1971) (internal citations omitted) (collecting cases); *see also Luis v. United States*, 136 S. Ct. 1083, 1089 (2016) (plurality) (citing *Caplin & Drysdale, Chartered v. United States*, 491 U.S. 2646, 2652 [1989]) ("[A]n indigent defendant, while entitled to adequate representation, has no right to have the Government pay for his preferred representational choice.").

[12]  Plaintiff also alleges that "not only did Gregory P. Thomas order me incompetent counsel he hadn't yet received his bar card." (Dkt. No. 1, Attach. 1, at 13.) It is unclear whether Plaintiff is alleging that Defendant Thomas was not admitted to the bar or whether his appointed counsel was not admitted to the bar at the time of appointment. In any event, I recommend that Plaintiff's claims against Defendant Thomas be dismissed for the reasons set forth in Part V.A. of this Decision. Plaintiff has not alleged any ineffective assistance of counsel claim nor has he alleged facts plausibly suggesting that his counsel was ineffective other than this single, conclusory statement. (*See generally* Dkt. No. 1.)

place a phone call until he made a written statement–all without receiving *Miranda* warnings.").
As a result, I recommend that Plaintiff's Ninth Claim be dismissed.

### I.     Plaintiff's Twelfth Claim (Conspiracy)

Plaintiff alleges, in a conclusory fashion, that Defendants conspired "to so deprive and/or
failure, neglect malfeasance, misfeasance, nonfeasance [or] refusal to protect [him] from said
conspiracy although it was [with]in their power to do so."  (Dkt. No. 1, at 2; Dkt. No. 1, Attach.
1, at 3-4.)

The elements of a conspiracy claim under § 1983 are: (1) an agreement between two or
more state actors or between a state actor and private actor; (2) to act in concert to inflict an
unconstitutional injury on plaintiff; and (3) an overt act committed in furtherance of that goal
causing damages.  *Pangburn v. Culbertson*, 200 F.3d 65, 72 (2d Cir. 1999); *Ciambriello v. Cty.
of Nassau*, 292 F.3d 307, 324-25 (2d Cir. 2002).

"[T]o make out a violation of § 1985(3), . . . the plaintiff must allege . . . four elements:
(1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class
of persons of the equal protection of the laws, or of equal privileges and immunities under the
laws; and (3) an act in furtherance of the conspiracy; (4) whereby a person is either injured in her
person or property or deprived of any right or privilege of a citizen of the United States."  *United
Broth. of Carpenters and Joiners of America, Local 610, AFL-CIO v. Scott*, 463 U.S. 825, 828-
29 (1983).  In addition, "[t]he conspiracy must be motivated by racial animus."  *Brown v. City of
Oneonta*, 221 F.3d 329, 341 (2d Cir. 2000).

"[C]omplaints containing only conclusory, vague, or general allegations that the
defendants have engaged in a conspiracy to deprive the plaintiff of his constitutional rights are
properly dismissed; diffuse and expansive allegations are insufficient, unless amplified by

specific instances of misconduct." *Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 325 (2d Cir.

2002) (internal quotations and citation omitted); *see also Webb v. Goord*, 340 F.3d 105, 110-11

(2d Cir. 2003) (to maintain a conspiracy action, the plaintiff "must provide some factual basis

supporting a meeting of the minds"); *Sommer v. Dixon*, 709 F.2d 173, 175 (2d Cir. 1983) ("A

complaint containing only conclusory, vague, or general allegations of conspiracy to deprive a

person of constitutional rights cannot withstand a motion to dismiss."). "[A]lthough a plaintiff

does not need to provide detailed factual allegations, the allegations in the complaint must be

'enough to raise a right to relief above the speculative level.'" *Flores v. Levy*, 07-CV-3753, 2008

WL 4394681, at *9 (E.D.N.Y. Sep. 23, 2008) (quoting *Twombly*, 550 U.S. at 554). Moreover,

conspiracy claims under §§ 1983 and 1985 "fail[] as a matter of law where there is no underlying

constitutional violation." *Tirse v. Gilbo*, 15-CV-0987, 2016 WL 4046780, at *18 (N.D.N.Y. July

27, 2016) (Suddaby, C.J.).

    Here, inasmuch as the Court is recommending dismissal of the predicate claims, the

Court also recommends dismissing Plaintiff's conspiracy claims under §§ 1983 and 1985. *See,

e.g., McGee v. Doe*, 568 F. App'x 32, 36, 39 (2d Cir. 2014) (affirming dismissal of malicious

prosecution claim and conspiracy claim predicated upon malicious prosecution where the

plaintiff did not receive a favorable termination); *LaRocco v. Jackson*, 10-CV-01651, 2012 WL

947554, at *3 (E.D.N.Y. Mar. 19, 2012) ("Because [the plaintiff's] claim for false arrest and

malicious prosecution are dismissed, his claim for conspiracy to commit those violations must be

dismissed as well.") (citing *Curley v. Vill. of Suffern*, 268 F.3d 65, 72 [2d Cir. 2001]; *Pugh v.

New York City*, 01-CV-0129, 2002 WL 398804, at *2 n.4 [E.D.N.Y. Jan. 15, 2002]).

    Additionally, the Court finds that Plaintiff's allegations, even when read with the utmost

of special liberality, are impermissibly vague and conclusory to plausibly suggest a conspiracy.

Further, Plaintiff has not alleged any race or class-based animus as required to support a § 1985 conspiracy claim. "In this context, 'class-based animus' encompasses only those groups with discrete and immutable characteristics such as race, national origin, and sex." *Martin v. New York State Dep't. of Corr. Servs.*, 115 F. Supp. 2d 307, 316 (N.D.N.Y. 2000) (Smith, M.J.) (citing *Segreto v. Kirschner*, 977 F. Supp. 553, 565 [D. Conn. 1997]; *Gay Veterans Ass'n, Inc. v. American Legion,* 621 F. Supp. 1510, 1515 [S.D.N.Y. 1985]; *Orshan v. Anker*, 489 F. Supp. 820, 823 [E.D.N.Y. 1980]).

Moreover, in the alternative, even if Plaintiff's conspiracy claims were found to be more than conclusory as pleaded, Plaintiff's claims would likely be barred by the "intra-agency conspiracy" doctrine. *See Griffin-Nolan v. Providence Washington Ins. Co*., 04-CV-1453, 2005 WL 1460424, at *10-11 (N.D.N.Y. June 20, 2005) (Scullin, C.J.) (dismissing the plaintiff's conspiracy claims where the defendants were officers of the City of Syracuse and the plaintiff did not allege that the individual defendants had a personal interest in their alleged conspiracy); *see also Little v. City of New York,* 487 F. Supp. 2d 426, 441-42 (S.D.N.Y. 2007) (dismissing the plaintiff's conspiracy claims where the officers were part of a single corporate entity, the City of New York, and plaintiff did "not provide any evidence to suggest that either of the officers were motivated by an independent personal stake in his arrest and prosecution."). Generally, that doctrine provides that officers, agents or employees of a single corporate entity are legally incapable of conspiring together. *Everson v. New York City Transit Auth*., 216 F. Supp. 2d 71, 75-76 (E.D.N.Y. 2002).

As set forth above in Part V.A. of this Order and Report-Recommendation, I recommend that all claims against Defendant Gregory Thomas be dismissed based on judicial immunity. As a result, the only remaining Defendants would be officers of the Johnson City Police

Department, who, pursuant to the intra-agency doctrine, are incapable of conspiring with themselves.  Moreover, I find that the Complaint does not allege that any of Defendants had a personal interest in the alleged conspiracy.  (*See generally* Dkt. No. 1.)

For all of these alternative reasons, I recommend that Plaintiff's Twelfth Claim be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim.

## J.  Claims Based Upon "Sovereign Citizenship"

The Second Circuit has described "sovereign citizens" as "a loosely affiliated group who believe that the state and federal governments lack constitutional legitimacy and therefore have no authority to regulate their behavior."[13]  *United States v. Ulloa*, 511 F. App'x 105, 107 n.1 (2d Cir. 2013).  The "sovereign citizen" belief system has been described by other courts as "completely without merit," "patently frivolous," *United States v. Jagim,* 978 F.2d 1032, 1036 (8th Cir. 1992), and having "no conceivable validity in American law," *United States v. Schneider*, 910 F.2d 1569, 1570 (7th Cir. 1990); *see also Buchholz*, 2017 WL 2345589, at *6 (collecting cases) (holding that "Plaintiff's Complaint–predicated as it is on a 'sovereign citizen theory' that is routinely held to have no basis in law–does not allege facts plausibly suggesting any entitlement to relief."); *Robinson v. Fischer*, 13-CV-1545, 2014 WL 1289611, at *5 (N.D.N.Y. Mar. 31, 2014) (Suddaby, C.J.) (dismissing the sovereign citizen claims as frivolous and for failure to state a claim when reviewing a *pro se* complaint pursuant to 28 U.S.C. § 1915[e][2][B] and 28 U.S.C. § 1915A[b]).

---

[13]     Although Plaintiff refers to himself as a "sovereign individual," the beliefs he subscribes mirrors those of sovereign citizens.  "Sovereign citizens apparently also believe that, by entering into contracts with the federal government or by receiving benefits from it, they lose their birthright of sovereign citizenship."  *Gauthier v. Kirkpatrick*, 13-CV-0187, 2013 WL 6407716, at *17, n.18 (D. Vt. Dec. 8, 2013).

As a result, to the extent Plaintiff asserts any claims premised on his rights as a "sovereign citizen," I recommend that those claims be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted, and because such claims are frivolous.

### K.      Whether to Permit Amendment

Generally, a court should not dismiss claims contained in a complaint filed by a *pro se* litigant without granting leave to amend at least once "when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Branum v. Clark*, 927 F.2d 698, 704-05 (2d Cir. 1991); *see also* Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave when justice so requires."). An opportunity to amend is not required, however, where "the problem with [the plaintiff's] causes of action is substantive" such that "better pleading will not cure it." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000); *see also Cortec Indus. Inc. v. Sum Holding L.P.*, 949 F.2d 42, 48 (2d Cir. 1991) ("Of course, where a plaintiff is unable to allege any fact sufficient to support its claim, a complaint should be dismissed with prejudice."). Stated differently, "[w]here it appears that granting leave to amend is unlikely to be productive, . . . it is not an abuse of discretion to deny leave to amend." *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993); *accord, Brown v. Peters*, 95-CV-1641, 1997 WL 599355, at *1 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.).

In this instance, I conclude that the defects in Plaintiff's Sixth, Seventh, Eighth, Tenth, and Eleventh Claims and his claims against Defendant Thomas are substantive, rather than formal, such that any amendments would be futile.  More specifically, as discussed above (and, again, as his Complaint reveals), Plaintiff's claims are founded on a legal theory that has been uniformly rejected as not just lacking in merit, but a frivolous waste of court resources. *See*

*Gonzalez v. Sharpe,* 06-CV-1023, 2006 WL 2591065, at *3 (N.D.N.Y. Sept. 8, 2006) (Scullin, J.) (dismissing without leave to amend, the plaintiff's claims against U.S. District Court Judge Gary L. Sharpe based on the doctrine of judicial immunity); *Brooks v. Ukieley,* 14-CV-6662, 2015 WL 235406, at *4 (E.D.N.Y. Jan. 16, 2015) (dismissing the plaintiff's claims in their entirety with prejudice against Judges Ukieley and Toomey based on the doctrine of judicial immunity); *Spence v. Thompson,* 2013 WL 1180765, at *20-21 (W.D. Pa. Jan. 4. 2013) (recommending dismissal with prejudice as to the plaintiff's claim that his Sixth Amendment right to appointment of counsel of his choosing was violated in his criminal proceeding).  As a result, I conclude that granting leave to amend would not be likely to be productive and recommend that Plaintiff's Sixth, Seventh, Eighth, Tenth, and Eleventh Claims be dismissed without leave to amend.

However, Plaintiff could potentially amend his Complaint to assert cognizable causes of action that his right to travel was violated, that he was discriminated against, that his due process rights were violated, and that Defendants conspired to violate his civil rights.  Accordingly, I recommend that Plaintiff be granted leave to amend his Complaint regarding the First, Fourth, Ninth, and Twelfth Claims.  In addition, I find that Plaintiff could potentially amend his Complaint to assert cognizable causes of action against Defendants Bailey, Dodge, and Peers to the extent they were personally involved in the alleged constitutional deprivations.  As a result, I recommend that Plaintiff be granted leave to amend his Complaint regarding Defendants Bailey, Dodge, and Peers.

If Plaintiff chooses to file an amended complaint, he should note that the law in this circuit clearly provides that "'complaints relying on the civil rights statutes are insufficient unless they contain some specific allegations of fact indicating a deprivation of rights, instead of

a litany of general conclusions that shock but have no meaning.'" *Hunt v. Budd*, 895 F. Supp. 35, 38 (N.D.N.Y. 1995) (McAvoy, J.) (quoting *Barr v. Abrams*, 810 F.2d 358, 363 [2d Cir. 1987]); *accord Pourzancvakil v. Humphry*, 94-CV-1594, 1995 WL 316935, at *7 (N.D.N.Y. May 22, 1995) (Pooler, J.). Therefore, in any amended complaint, Plaintiff must clearly set forth facts that give rise to the claims, including the dates, times, and places of the alleged underlying acts, and each individual who committed each alleged wrongful act. In addition, the revised pleading should allege facts demonstrating the specific involvement of any of the named defendants in the constitutional deprivations alleged in sufficient detail to establish that they were tangibly connected to those deprivations. *Bass v. Jackson*, 790 F.2d 260, 263 (2d Cir. 1986). Finally, Plaintiff is informed that any such amended complaint will replace the existing Complaint, and must be a wholly integrated and complete pleading that does not rely upon or incorporate by reference any pleading or document previously filed with the Court. *See Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1128 (2d Cir. 1994) ("It is well established that an amended complaint ordinarily supersedes the original and renders it of no legal effect.").

### L. Consolidation

As a matter of judicial discretion, a court may dismiss an action which is duplicative of another, previously filed suit. *Curtis v. Citibank, N.A.*, 226 F.3d 133, 138 (2d Cir. 2000). The basis for taking such a measure stems from the desire to avoid duplicative litigation, and therefore to promote judicial economy and protect parties from "'the vexation of concurrent litigation over the same subject matter[.]'" *Curtis*, 226 F.3d at 138 (quoting *Adam v. Jacobs*, 950 F.2d 89, 93 [2d Cir. 1999]). Simply stated, a plaintiff has "no right to maintain two actions on the same subject in the same court, against the same defendant at the same time." *Id.* at 139. Because of the difficulties involved in anticipating the preclusive effects of a case that is still

pending, courts faced with a duplicative lawsuit commonly stay the second suit, dismiss it without prejudice, enjoin the parties from proceeding with it, or consolidate the two actions. *Id.* at 138 (collecting cases). The action to be taken when such circumstances are presented, if any, "is one of the district court's discretion in the comprehensive management of litigation in its court." *Id.* at 139.

Having reviewed Plaintiff's Complaint, I conclude that his allegations originate from the same events described in *Wellington I*: the traffic stops and arrests of October 25, 2018, and November 11, 2018, and arrest on November 14, 2018. The interest of judicial economy militates in favor of consolidation of *Wellington I* and *Wellington II*. Accordingly, and without expressing an opinion as to whether Plaintiff's Second (excessive force), Third (failure to intervene), and Fifth (illegal search and seizure) Claims can withstand a properly filed motion to dismiss or summary judgment, I recommend that his Second, Third, and Fifth Claims should be accepted for filing as to Defendants Foland, Smith, Helper, Shaver, Crandell, Peets, Gavin, Bilek, Williams, and Douglas and this matter consolidated with *Wellington I*.

## VI.    SUMMARY, RECOMMENDATION, AND ORDER

Having reviewed Plaintiff's IFP application, I find that he meets the requirements for IFP status, and therefore grant his motion for leave to proceed without prepayment of fees. Turning to the merits of Plaintiff's Complaint, I recommend that Plaintiff's claims against Brian Bailey, Brent Dodge, and Dominic H. Peers and Plaintiff's First, Fourth, Ninth, and Twelfth Claims be dismissed with leave to file a proposed amended complaint. Moreover, I recommend that Plaintiff's claims against Gregory P. Thomas and Plaintiff's Sixth, Seventh, Eighth, Tenth, and Eleventh Claims be dismissed without leave to amend. Further, I recommend that this action be

consolidated with *Wellington I* because Plaintiff's factual allegations are based upon the same events and involve predominantly the same defendants.

  **WHEREFORE**, based on the findings above, it is

  **ORDERED** that the application to proceed *in forma pauperis* (Dkt. No. 2) is **GRANTED**; and it is further respectfully

  **RECOMMENDED** that Plaintiff's Complaint (Dkt. No. 1) be accepted for filing with respect to Plaintiff's Second, Third, and Fifth Claims against Defendants Foland, Smith, Helper, Shaver, Crandell, Peets, Gavin, Bilek, Williams, and Douglas; and it is further

  **RECOMMENDED** that the Court **DISMISS WITH LEAVE TO REPLEAD within thirty days of the issuance of an order adopting this recommendation** Plaintiff's First, Fourth, Ninth, and Twelfth Claims, and his claims against Defendants Bailey, Dodge, and Peers, as stated herein pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. 1915A(b) for failure to state a claim upon which relief may be granted; and it is further

  **RECOMMENDED** that the Court **DISMISS WITHOUT LEAVE TO REPLEAD** Plaintiff's Sixth, Seventh, Eighth, Tenth, and Eleventh Claims and his claims against Defendant Thomas, as stated herein pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. 1915A(b) for failure to state a claim upon which relief may be granted; and it is further

  **RECOMMENDED** that, in the event Plaintiff does not choose to file an amended complaint and the above recommendations are adopted, the case should move forward with respect to Plaintiff's Second, Third, and Fifth claims against Defendants Foland, Smith, Helper, Shaver, Crandell, Peets, Gavin, Bilek, Williams, and Douglas; and it is further

**RECOMMENDED** that this action be consolidated with *Wellington v. Foland et al.*, 19-CV-0457 (GTS/ML) (N.D.N.Y. removed 04/18/2019), with that case being designated as the lead case, and all future filings to be made in the lead case only.

**NOTICE:** Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen days within which to file written objections to the foregoing report.[14] Such objections shall be filed with the Clerk of the Court. **<u>FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW</u>**. 28 U.S.C. § 636(b)(1) (Supp. 2013); Fed. R. Civ. P. 6(a), 6(d), 72; *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 [2d Cir. 1989]).

It is hereby respectfully **ORDERED** that the Clerk of the Court shall file a copy of this order, report, and recommendation on the docket of this case and *Wellington v. Foland et al.*, 19-CV-0457 (GTS/ML) (N.D.N.Y. removed 04/18/2019), and serve a copy upon the parties in accordance with the local rules.[15]

Dated: July 24, 2019
    Binghamton, New York

Miroslav Lovric
U.S. Magistrate Judge

---

[14]    If you are proceeding *pro se* and served with this report, recommendation, and order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date that the report, recommendation, and order was mailed to you to serve and file objections. Fed. R. Civ. P. 6(d). If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. Fed. R. Civ. P. 6(a)(1)(C).

[15]    The Clerk shall also provide Plaintiff with copies of all unreported decisions cited herein in accordance with *Lebron v. Sanders*, 557 F.3d 76 (2d Cir. 2009) (per curiam).