UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

KENNARD D. WELLINGTON,

                 Plaintiff,

                                                         3:19-CV-0615
v.                                                         (GTS/ML)

PATROLMAN FOLAND, *et al.*,[1]

                 Defendants.
_____

APPEARANCES:                                      OF COUNSEL:

KENNARD D. WELLINGTON
  Plaintiff, *Pro Se*
3104 Buckingham Road
Endwell, New York 13760

MORRIS DUFFY ALONSO & FALEY             LILY A. OCKERT, ESQ.
  Counsel for Defendants
2 Rector Street, 22nd Floor
New York, New York 10006

GLENN T. SUDDABY, Chief United States District Judge

---

[1] Fourteen individuals are currently named as Defendants in the caption of this action's docket sheet: (1) Patrolman Foland; (2) Aaron Smith; (3) Bailey R. Brian; (4) Michael Helper; (5) Brian J. Shaver; (6) Nicholas Crandell; (7) Brent Dodge; (8) Patrolman Peets; (9) Patrolman Gavin; (10) Patrolman Joshua Bilek; (11) David Williams; (12) Gregory P. Thomas; (13) Eddy Douglas; and (14) Dominic H. Peers. (*See generally* Docket Sheet.) However, when liberally construed, Plaintiff's Complaint names as Defendants another two individuals: (15) Christopher D. Ketchum; and (16) Thomas Dellapenna. (*Compare* Docket Sheet *with* Dkt. No. 1, Attach. 1, at 3, 6, 43, 65, 88, 91, 92, 94-97, 99.) Moreover, the names of three of these 16 individuals need to be corrected: "Michael Helper" to "Michael Hepler"; "Nicholas Crandell" to "Nicholas Crandall"; and "Bailey R. Brian" to "Brian R. Bailey." (*Compare* Docket Sheet *with* Dkt. No. 1, at 1-4 *and* Dkt. No. 1, Attach. 1, at 5, 40-42, 44, 50, 52, 58, 61, 62.) Finally, it appears that "Brent Dodge" may actually be named "Grant Dodge," and that "Dominic H. Peers" and "Patrolman Peets" may be the same person. (*Compare* Dkt. No. 1, at 1, 4, *with* Dkt. No. 1, Attach. 1, at 43 *and* Dkt. No. 12, at 1, 4.) However, because these last two facts are unclear from the record, these changes will not be ordered at this time.

**DECISION and ORDER**

Currently before the Court, in this *pro se* civil rights action filed by Kennard D. Wellington ("Plaintiff") against 16 individuals ("Defendants"), are the following: (1) United States Magistrate Judge Miroslav Lovric's Report-Recommendation recommending that certain of the claims in Plaintiff's Complaint be dismissed with leave to replead within thirty days, certain of the Complaint's claims be dismissed without leave to replead, and the Complaint's remaining claims be consolidated with another action that Plaintiff currently has pending before this Court; (2) Plaintiff's "demand for abatement." (Dkt. Nos. 10, 11.) For the reasons set forth below, the Report-Recommendation is accepted and adopted in its entirety, and Plaintiff's "demand for abatement" is denied.

**I.  RELEVANT BACKGROUND**

    **A.  Magistrate Judge Lovric's Report-Recommendation**

Generally, in his Report-Recommendation, Magistrate Judge Lovric rendered the following three findings of fact and/or conclusions of law: (1) that Plaintiff's First, Fourth, Ninth and Twelfth Claims, and his claims against Defendants Bailey, Dodge and Peers, should be *sua sponte* dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) with leave to replead within 30 days of the date of the Decision and Order adopting the Report-Recommendation; (2) that Plaintiff's Sixth, Seventh, Eighth, Tenth and Eleventh Claims, and his claims against Defendant Thomas, should be *sua sponte* dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) without leave to replead; and (3) that Plaintiff's remaining claims (i.e., his Second, Third and Fifth Claims against Defendants Foland, Smith, Hepler, Shaver, Crandall, Peets, Gavin, Bilek, Williams and Douglas) should be consolidated

with his other action pending in this Court (i.e., *Wellington v. Foland, et al.*, 19-CV-0457). (Dkt. No. 11, at Parts V and VI.)

Neither party has submitted an Objections to the Report-Recommendation and the time in which to do so has expired. (*See generally* Docket Sheet.)

### B. Plaintiff's Demand for Abatement

On the date on which Magistrate Judge Lovric issued his Report-Recommendation, Plaintiff filed a "demand for abatement," seeking to end several ongoing criminal proceedings pending against him in Johnson City Village Court arising from his arrest for driving with a suspended license and other violations of the New York Vehicle and Traffic Law. (Dkt. No. 10.)

Generally, in memorandum of law in opposition to Plaintiff's "demand for abatement," Defendants argue that the Court should deny Plaintiff's request for the following two reasons: (1) Plaintiff's request is barred by the Anti-Injunction Act, and Plaintiff has failed to identify any exceptions to the Anti-Injunction Act that apply; and (2) Plaintiff's request is barred by the Supreme Court's decision in *Younger v. Harris*, 401 U.S. 37 (1971), and Plaintiff has presented no "extraordinary circumstances" that warrant immediate federal relief. (*Compare* Dkt. No. 12 *with* Dkt. No. 1 *and* Dkt. No. 1, Attach. 1.)

## II. STANDARD OF REVIEW

When a *specific* objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to a *de novo* review. Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1)(c)). To be "specific," the objection must, with particularity, "identify [1] the portions of the proposed findings, recommendations, or

3

report to which it has an objection and [2] the basis for the objection." N.D.N.Y. L.R. 72.1©).[2]
When performing such a *de novo* review, "[t]he judge may . . . receive further evidence. . . ." 28 U.S.C. § 636(b)(1). However, a district court will ordinarily refuse to consider evidentiary material that could have been, but was not, presented to the magistrate judge in the first instance.[3] Similarly, a district court will ordinarily refuse to consider argument that could have been, but was not, presented to the magistrate judge in the first instance. *See Zhao v. State Univ. of N.Y.*, 04-CV-0210, 2011 WL 3610717, at *1 (E.D.N.Y. Aug. 15, 2011) ("[I]t is established law that a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not.") (internal quotation marks and citation omitted); *Hubbard v. Kelley*, 752 F. Supp.2d 311, 312-13

---

[2] *See also Mario v. P&C Food Markets, Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("Although Mario filed objections to the magistrate's report and recommendation, the statement with respect to his Title VII claim was not specific enough to preserve this claim for review. The only reference made to the Title VII claim was one sentence on the last page of his objections, where he stated that it was error to deny his motion on the Title VII claim '[f]or the reasons set forth in Plaintiff's Memorandum of Law in Support of Motion for Partial Summary Judgment.' This bare statement, devoid of any reference to specific findings or recommendations to which he objected and why, and unsupported by legal authority, was not sufficient to preserve the Title VII claim.").

[3] *See Paddington Partners v. Bouchard*, 34 F.3d 1132, 1137-38 (2d Cir. 1994) ("In objecting to a magistrate's report before the district court, a party has no right to present further testimony when it offers no justification for not offering the testimony at the hearing before the magistrate.") [internal quotation marks and citations omitted]; *Pan Am. World Airways, Inc. v. Int'l Bhd. of Teamsters*, 894 F.2d 36, 40, n.3 (2d Cir. 1990) (finding that district court did not abuse its discretion in denying plaintiff's request to present additional testimony where plaintiff "offered no justification for not offering the testimony at the hearing before the magistrate"); *cf. U. S. v. Raddatz*, 447 U.S. 667, 676, n.3 (1980) ("We conclude that to construe § 636(b)(1) to require the district court to conduct a second hearing whenever either party objected to the magistrate's credibility findings would largely frustrate the plain objective of Congress to alleviate the increasing congestion of litigation in the district courts."); Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition ("The term 'de novo' does not indicate that a secondary evidentiary hearing is required.").

(W.D.N.Y. 2009) ("In this circuit, it is established law that a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not.") (internal quotation marks omitted).

When only a *general* objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to only a *clear error* review. Fed. R. Civ. P. 72(b)(2),(3); Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition; *see also Brown v. Peters*, 95-CV-1641, 1997 WL 599355, at *2-3 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.) [collecting cases], *aff'd without opinion*, 175 F.3d 1007 (2d Cir. 1999). Similarly, when an objection merely reiterates the *same arguments* made by the objecting party in its original papers submitted to the magistrate judge, the Court subjects that portion of the report-recommendation challenged by those arguments to only a *clear error* review.[4] Finally, when *no* objection is made to a portion of a report-recommendation, the Court subjects that portion of the report-recommendation to only a *clear error* review. Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition. When performing such a "clear error" review, "the court need only satisfy itself that there is no clear error on the face of the record in

---

[4] *See Mario*, 313 F.3d at 766 ("Merely referring the court to previously filed papers or arguments does not constitute an adequate objection under either Fed. R. Civ. P. 72(b) or Local Civil Rule 72.3(a)(3)."); *Camardo v. Gen. Motors Hourly-Rate Emp. Pension Plan*, 806 F. Supp. 380, 382 (W.D.N.Y. 1992) (explaining that court need not consider objections that merely constitute a "rehashing" of the same arguments and positions taken in original papers submitted to the magistrate judge); *accord, Praileau v. Cnty. of Schenectady*, 09-CV-0924, 2010 WL 3761902, at *1, n.1 (N.D.N.Y. Sept. 20, 2010) (McAvoy, J.); *Hickman ex rel. M.A.H. v. Astrue*, 07-CV-1077, 2010 WL 2985968, at *3 & n.3 (N.D.N.Y. July 27, 2010) (Mordue, C.J.); *Almonte v. N.Y.S. Div. of Parole*, 04-CV-0484, 2006 WL 149049, at *4 (N.D.N.Y. Jan. 18, 2006) (Sharpe, J.).

order to accept the recommendation." *Id.*[5]

After conducting the appropriate review, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

## III.   ANALYSIS

After carefully reviewing the relevant papers herein, including Magistrate Judge Lovric's thorough Report-Recommendation, the Court can find no clear error in the Report-Recommendation: Magistrate Judge Lovric employed the proper standards, accurately recited the facts, and reasonably applied the law to those facts.  As a result, the Report-Recommendation is accepted and adopted in its entirety for the reasons set forth therein.

Finally, Plaintiff's "demand for abatement" is denied for each of the two reasons provided by Defendants (*see, supra,* Part I.B. of this Decision and Order), as well as the additional reasons that the request is unsupported by a memorandum of law, a citation to the rule or statute on which the request is based, and an affidavit, as required by Local Rules of Practice for this Court. N.D.N.Y. L.R. 7.1(a)(1),(2).

**ACCORDINGLY**, it is

**ORDERED** that, in accordance with note 1 of this Decision and Order, the Clerk of the Court is directed to **CORRECT** the caption of the docket sheet in this action so as to (1) add Christopher D. Ketchum and Thomas Dellapenna as Defendants, (2) change the name of

---

[5]    *See also Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) (Sotomayor, J.) ("I am permitted to adopt those sections of [a magistrate judge's] report to which no specific objection is made, so long as those sections are not facially erroneous.") (internal quotation marks and citations omitted).

Defendant "Michael Helper" to Defendant "Michael Hepler," (3) change the name of Defendant "Nicholas Crandell" to Defendant "Nicholas Crandall," and (4) change the name of Defendant "Bailey R. Brian" to Defendant "Brian R. Bailey"; and it is further

**ORDERED** that Magistrate Judge Lovric's Report-Recommendation (Dkt. No. 11) is **ACCEPTED** and **ADOPTED** in its entirety; and it is further

**ORDERED** that Plaintiff's First, Fourth, Ninth, and Twelfth Claims, and his claims asserted against Defendants Bailey, Dodge, Peers and Ketchum, are *sua sponte* **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) **with leave to replead within THIRTY (30) DAYS** of the date of this Decision and Order; and it is further

**ORDERED** that, should Plaintiff choose to file an Amended Complaint within 30 days of the date of this Decision and Order, the Amended Complaint must be a complete pleading that does not incorporate by reference any portion of the original Complaint; and it is further

**ORDERED** that Plaintiff's Sixth, Seventh, Eighth, Tenth and Eleventh Claims, and his claims against Defendants Thomas and Dellapenna are *sua sponte* **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) **without leave to replead**; and it is further

**ORDERED** that Plaintiff's Second, Third and Fifth Claims against Defendants Foland, Smith, Hepler, Shaver, Crandoll, Peets, Gavin, Bilek, Williams and Douglas, shall be **CONSOLIDATED** with *Wellington v. Foland, et al*, 19-CV-0457 (N.D.N.Y.), with this action being designated as the Member Case, the latter action being designated as the Lead Case, and all future filings being made in the Lead Case only; and it is further

**ORDERED** that Plaintiff's "demand for abatement" (Dkt. No. 10) is **DENIED**.

Dated: December 3, 2019
       Syracuse, New York

                                        Hon. Glenn T. Suddaby
                                        Chief U.S. District Judge